UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MECHANICS BANK,<br>            Plaintiff,<br>    v.<br>CITIBANK DELAWARE,<br>            Defendants. | Case No. 4:19-cv-5608-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 10 |

On September 5, 2019, Plaintiff Mechanics Bank filed the instant action against Defendant Citibank Delaware, asserting a single cause of action under California Commercial Code § 4302. (Compl. ¶¶ 14-20, Dkt. No. 1.) Pending before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 10.) The Court finds the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and VACATES the hearing. Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Defendant's motion to dismiss with prejudice.

## I. BACKGROUND

On February 11, 2019, Malcom Leader-Picone brought a Citibank cashier's check in the amount of $195,720 to Plaintiff's Oakland branch. (Compl. ¶ 10.) On February 12, 2019, Plaintiff presented the check to Defendant. (Compl. ¶ 11.) On February 13, 2019 at 5:13 p.m., after Plaintiff was closed, Defendant issued a notice of dishonor with respect to the check via the Electronic Advance Return Notification System ("EARNS notice"). (Compl. ¶ 12.) On February 15, 2019, Plaintiff received the check back, which was marked as counterfeit. (Compl. ¶13.)

Plaintiff then filed this case against Defendant, alleging that Defendant was strictly liable to Plaintiff for the amount of the check per California Commercial Code § 4302. (Compl. ¶¶ 14-

20.) On October 10, 2019, Defendant filed the instant motion to dismiss. On October 24, 2019, Plaintiff filed its opposition. (Pl.'s Opp'n, Dkt. No. 17.) On October 31, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 18.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Plaintiff asserts Defendant is liable per California Commercial Code § 4302. Per § 4302(a):

> If an item is presented to and received by a payor bank, the bank is accountable for the amount of either: (1) a demand item, other than a documentary draft, whether properly payable or not, if the bank . . . retains the item beyond midnight of the banking day of receipt without settling for it or . . . does not pay or return the item or send notice of dishonor until after its midnight deadline.

As defined by California Commercial Code § 4104(a)(10), the "midnight deadline" is "midnight on its **next** banking day following the banking day on which it receives the relevant item . . . ." (emphasis added).

Here, there is no dispute that the notice of dishonor was received before midnight of the day following Defendant's receipt of the check. Plaintiff, however, alleges that Defendant violated § 4302(a) because it did not provide the notice of dishonor during Plaintiff's regular banking hours. (Compl. ¶ 19.) In support, Plaintiff relies on California Commercial Code § 3503(b), which states that a "[n]otice of dishonor . . . may be given by any commercially reasonable means, including an oral, written, or electronic communication. . . ." (Compl. ¶ 17.) Thus, Plaintiff argues that "commercially reasonable means" could require that Defendant provide the notice of dishonor during Plaintiff's regular banking hours under § 4302, despite § 4302's clear statutory language imposing a midnight deadline.

The Court finds Plaintiff's interpretation of sections 3503 and 4302 is untenable. First, it is not clear § 3503(b)'s "commercially reasonable means" language refers to the timing of the notice of dishonor in the first place. In giving examples of "commercially reasonable means," § 3503(b) describes different *ways* of providing notice, such as by an oral, written, or electronic communication. Thus, the meaning of the term "commercially reasonable means" is "narrowed by the commonsense canon of *noscitur a sociis*—which counsels that a word is given more precise

3

content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008); *see also Yates v. United States*, 574 U.S. 528, 543 (2015) ("we rely on the principle of *noscitur a sociis*—a word is known by the company it keeps—to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth . . . .").[1] Indeed, Plaintiff cites no authority that § 3503(b)'s "commercially reasonable means" language refers to timing.

Second, even if § 3503(b)'s "commercially reasonable means" language did refer to timing, to read it as requiring that a notice of dishonor be given during regular banking hours would obviate § 4302's "midnight deadline" language. (*See* Def.'s Mot. to Dismiss at 5.) Basic principles of statutory interpretation require that a statute "be construed so that effect is given to **all** its provisions, so that no part will be inoperative or superfluous, void, or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (emphasis added); *see also Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 166 (2004) ("Aviall's reading would render part of the statute entirely superfluous, something we are loath to do.").

Finally, "[s]pecific terms prevail over the general in the same or another statute which otherwise might be controlling." *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932). Here, § 4302 imposes a specific deadline by which a notice of dishonor must be sent, whereas § 3503 contains only general language regarding "commercially reasonable means." These specific references to timing control over § 3503's general language, even if § 3503 could be read to refer to timing.

Thus, the Court finds that Plaintiff cannot allege any claim under § 4302 because there is no dispute that Defendant provided Plaintiff with the notice of dishonor before the midnight deadline, as required by the statute. Accordingly, dismissal with prejudice is warranted.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with

---

[1] In contrast, California Commercial Code § 3502(b)(1) does refer to timing, finding that a check is dishonored if the payor bank "sends timely notice of dishonor or nonpayment under . . . Section 4302." Given that § 3502(b)(1) refers specifically to timing, this further suggests that § 3503's "commercially reasonable means" does not impose any timing requirement.

4

prejudice.

IT IS SO ORDERED.

Dated: December 6, 2019

　　　　　　　　　　　　　　　　　　　KANDIS A. WESTMORE
United States Magistrate Judge